## No. 24485

**Loretta Delphine Davis v. Glenna Dene Cline and School District No. 11 in the County of El Paso and State of Colorado**
(493 P.2d 362)

Decided January 31, 1972.

Quigley, Wilder, Helwig & Palermo, P.C., Richard V. Hall, for plaintiff in error.

Yegee, Hall and Evans, John R. Trigg, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

This controversy arose out of a traffic accident in which the automobile of plaintiff in error, Loretta Delphine Davis, was allegedly forced off the highway by a school bus operated by Glenna Dene Cline on behalf of School District No. 11 in the County of El Paso and State of Colorado. Mrs. Davis' claim for personal injuries was rejected by the jury and she brings error to reverse the adverse judgment in favor of defendants. The judgment must be reversed.

The evidence in support of Mrs. Davis showed that during the afternoon of October 31, 1967, shortly after 3 p.m., she was driving easterly in the right-hand traffic lane of Palmer Park Boulevard in Colorado Springs. This boulevard is a four-lane highway with two traffic lanes running westerly and two traffic lanes running easterly.

The evidence showed that the school bus was proceeding easterly in the left traffic lane adjacent to the Davis vehicle at about the same rate of speed, which was well within the speed limit. The relative positions of the two vehicles as they proceeded down the highway, according to the Davis testimony, placed the front end of the Davis auto approximately even with the right front door of the school bus. The evidence showed that the bus was thirty-seven feet long and approximately seven feet wide. The left traffic lane in which it was traveling was only nine feet in width. The right traffic lane was eleven feet in width.

The bus and auto had traveled adjacent to one another for about one and one-half blocks, when suddenly, according to Mrs. Davis, the bus began to come over into her lane of

traffic. She was forced to turn her auto sharply to the right to avoid a collision and in doing so she drove up and over a vertical 8-inch curb at an alleyway entrance into the street where her car came to rest. In striking the curb, she was thrown against the steering wheel, which resulted in the aggravation of a previous back injury, as a consequence of which she was required to undergo surgery to effect a spinal fusion.

Mrs. Davis testified the entire incident happened in a "couple of seconds" and that she thought she had no choice but to turn her auto to the right into the curbing to avoid the impending collision.

Mrs. Cline testified that she looked in the right rear mirror before commencing to turn the bus, but did not see any cars; that as she turned into the right lane the Davis auto then came into view; and that she quickly swerved the bus back to the left lane to avoid a collision. The evidence demonstrated there was a "blind spot" in the vision to the right rear which apparently prevented Mrs. Cline from seeing the Davis vehicle when she first looked into the mirror.

The complaint for damages charged defendants with negligence. In answer, the defendants affirmatively alleged contributory negligence, assumption of risk and failure to mitigate damages. The court instructed the jury on the issues of negligence and contributory negligence only.

Although plaintiff requested and tendered an instruction on the principle of sudden emergency, the court refused to give such an instruction. The record does not contain any statement of reasons for denial of this requested instruction.

Mrs. Davis submits several specifications of error as a basis for reversal. We need consider only the denial by the court of the tendered instruction on sudden emergency, which we find to be dispositive of this case.

■■■ The doctrine of sudden emergency has long been recognized in Colorado as a valid principle bearing upon alleged negligent conduct that may be attributed to one who finds himself confronted with an emergency choice. The principle was first recognized by this Court in *Denver &*

*B.P.R.T. Co. v. Dwyer,* 20 Colo. 132, 36 P. 1106, and most recently was considered in *Bartlett v. Bryant,* 166 Colo. 113, 442 P.2d 425. The rationale of the doctrine is that in an emergency there is no time for cool reflective deliberation during which alternative courses of action might be considered and explored; but rather, the situation demands speedy decision based largely upon the actor's perception of the compelling circumstances. In the words of Professor Prosser: "* * * Under such conditions, the actor cannot reasonably be held to the same conduct as one who has had full opportunity to reflect, even though it later appears that he made the wrong decision, which no reasonable man could possibly have made after due deliberation. His choice 'may be mistaken and yet prudent.' " *W. Prosser, Law of Torts* § 33 (4th ed.)

In other words, the course of conduct pursued may be deemed to have been reasonable and prudent under the emergency circumstances then existing, absent which the standards of reasonableness and prudence would not have been met. Whether the course of conduct chosen by the party under the circumstances is reasonable and prudent is a question of fact to be determined by the trier of fact, as is the question of whether there is an emergency. *Stewart v. Stout,* 143 Colo. 70, 351 P.2d 847.

Here, plaintiff's theory of her case, which was supported by competent evidence, was that she chose a course of conduct — to leave the highway and drive up over the curb, as a consequence of which she was injured — which she might not have otherwise chosen except for the compelling circumstances of the emergency situation. She was entitled to an instruction on her theory when it was supported by competent evidence, as has so often been announced by this Court. *Anderson v. Munoz,* 159 Colo. 229, 411 P.2d 4; *Haller v. Gross,* 135 Colo. 218, 309 P.2d 598; *Maloney v. Jussel,* 125 Colo. 125, 241 P.2d 862; *Neilson v. Bowles,* 124 Colo. 274, 236 P.2d 286. In our view there were ample facts and circumstances in evidence which, if believed by the jury, could justify a finding of emergency and

application of the sudden emergency doctrine.

Defense counsel argues that the issue of sudden emergency must first be raised in the pleadings or set forth in the pretrial order. He cites no authority for this assertion. From our study of this doctrine, we view it merely as an evidentiary guideline by which a trier of fact may properly apply the prudent man rule in evaluating the evidence of negligence being considered. It need not be stated in the complaint as an affirmative basis for relief, nor in the answer as a basis of defense. Notice of its applicability in any case is found in the evidence that may be offered in support of the claims or defenses. It is hard to conceive of prejudicial surprise in this case, which is implicit in counsel's argument on this point.

More seriously, defense counsel argues that the trial court was justified in not instructing on sudden emergency because the instruction as tendered was not a proper statement of the law. The tendered instruction read as follows:

"You are instructed that a person suddenly realizing that he is in danger from the negligence of another is not to be charged with contributory negligence for every error in judgment where practically instantaneous action is required, but that the person must exercise only that degree of care to avoid an accident required of a reasonably prudent person under the then existing circumstances."

This instruction is substantially identical with that instruction given in *Colo. Wyo. Rly. v. Wheelock,* 155 Colo. 406, 395 P.2d 1, which was specifically approved by this Court. Counsel argues that Colorado Jury Instructions (CJI) contains the correct instruction on sudden emergency (CJI 9:7). However, CJI was not published until June 1, 1969, after the present case was tried. C.R.C.P. 51.1, which requires the use of CJI instructions where applicable to the evidence, could not be practicably effective until after the publication date. We agree that CJI 9:7 more accurately states the law of sudden emergency than the tendered instruction. Upon

remand for a new trial it should be used as required by the rule.

The important consideration here, however, is that the trial court had a duty to instruct the jury on sudden emergency, a theory amply supported by competent evidence, when requested to do so, even though counsel may have failed to tender an entirely suitable instruction. *Callaham v. Slavsky,* 153 Colo. 291, 385 P.2d 674; *Shirley v. Merritt,* 147 Colo. 301, 364 P.2d 192; *Kendall v. Hargrave,* 142 Colo. 120, 349 P.2d 993. Under the circumstances of this case, it was prejudicial error for the trial court to fail to so instruct the jury.

The judgment is reversed and the cause remanded to the trial court for a new trial.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.