Ronald J. JENSEN and Marsha Jensen, Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

No. 83CA0243.

Colorado Court of Appeals, Div. IV.

April 19, 1984.

Rehearing Denied May 24, 1984.

Doris Besikof, Denver, for plaintiffs-appellants.

Littell & Dickinson, Gilbert Dickinson, Denver, for defendant-appellee.

HODGES *, Justice.

Plaintiffs, who are husband and wife, appeal from a judgment entered on a jury verdict in favor of defendant insurance company. The plaintiffs' claim, under a personal insurance protection policy (PIP policy) issued by defendant, was based on their allegation that defendant had willfully and wantonly refused to pay fully for certain treatment for personal injuries sustained by the wife in two automobile accidents. We affirm.

It was undisputed at trial that the wife was involved in an automobile accident on January 2, 1981, and that defendant paid her initial medical expenses for chiropractic treatment, but subsequently requested that she submit to an examination by an independent orthopedic physician before it would make additional payments. Based on the orthopedist's report that no further chiropractic treatment was required, defendant notified plaintiffs on March 31 that it would no longer pay for such treatment. On June 9 defendant received a report from the wife's treating chiropractor stating that she had developed additional spinal problems. In response, defendant demanded that the wife submit to another orthopedic examination, which she refused to undergo. Further payments were thereupon refused.

On October 29, 1981, the wife was involved in a second accident. Defendant paid for her property damage and emergency room treatment, but again refused to pay for her chiropractic treatment unless she submitted to an orthopedic examination. Plaintiffs then brought suit under § 10–4–708, C.R.S.1973, for willful and wanton failure to pay PIP benefits when due.

After the conclusion of the evidence, the jury considered special verdict forms for each accident including interrogatories on the issues involved. The jury's responses and verdicts were all favorable to defendant insurance company. The effect of the jury's verdicts and answers to the interrogatories was that the wife had refused to submit to physical examinations by physicians selected by the defendant, as requested by the defendant, and that this justified the defendant's refusal to pay benefits under the terms of the PIP policy.

On appeal, plaintiffs contend that the provision of the PIP policy conditioning payment of benefits upon examination by a physician selected by the insurer is an impermissible restriction of the coverage specified by the Colorado Auto Accident Reparations Act, § 10–4–107, et seq., C.R.S. (No-Fault Act). The provision in question states: "[N]o action shall lie against the company unless as ,condition predecent thereto ... [t]he eligible person ... submit[s] to physical and mental examinations by physicians selected by the company, when and as often as the company may reasonably require."

■■■ The basic purpose of the No-Fault Act is to avoid inadequate compensation to victims of automobile accidents. Section 10–4–702, C.R.S.; *Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863 (Colo.1983). However, we hold that the policy provision at issue here is not an impermissible burden upon this function. *See* § 10–4–107, C.R.S.; and *Orozco v. State Farm Mutual Automobile Insurance Co.*, 360 F.Supp. 223 (S.D.Fla.1972).

■■■ Plaintiffs also contend that defendant's refusal to pay for additional chiropractic treatment after the wife's examination by the orthopedist after the first accident ,constituted a breach of contract by defendant which relieved her of the obligation to comply with the policy provision

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

requiring that she submit to any additional physical examinations.

Compliance with the physical examination provision of the policy was a condition precedent to plaintiff's recovery under the policy. *Restatement (Second) of Contracts* § 225(1) states that:

> "[P]erformance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused."

*See also Navajo Freight Lines, Inc. v. Moore,* 170 Colo. 539, 463 P.2d 460 (1970); 20 *J. Appleman, Insurance Law & Practice* § 11416 (1980); and 5 *S. Williston, Contracts* §§ 676 & 677 (W. Jaeger 3rd ed. 1957). It follows that the jury's finding to the effect that the insurance company's requests for physical examination were reasonable and that the wife refused to comply with a condition precedent to recovery under the policy for each accident bars recovery by the insured.

The other contentions by plaintiffs are without merit and require no discussion.

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN,* J., concur.