Cliff **RANGER**, Plaintiff–Appellant,

v.

**FORTUNE INSURANCE COMPANY,**
Defendant–Appellee.

No. **90CA0265.**

Colorado Court of Appeals,
Div. I.

July 18, 1991.

Rehearing Denied Aug. 15, 1991.

Lloyd C. Kordick, Colorado Springs, for plaintiff-appellant.

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

Retherford, Mullen, Rector & Johnson, Neil C. Bruce, Colorado Springs, for defendant-appellee.

Opinion by Judge SILVERSTEIN.*

Plaintiff, Cliff Ranger, appeals a judgment dismissing his complaint on the ground that the court has no personal jurisdiction over the defendant, Fortune Insurance Company. We reverse and remand for reinstatement of plaintiff's complaint.

The record discloses the following facts asserted by the plaintiff and uncontested by the defendant. On August 5, 1984, plaintiff was injured in a one-car auto accident that occurred in Colorado while he was a passenger in a car driven and owned by a Florida resident. The car was registered in Florida and insured by defendant, a Florida insurance company.

On October 22, 1984, plaintiff's attorney wrote to defendant demanding payment of plaintiff's medical bills, which on that date amounted to $548. On November 28, 1984, defendant responded to the demand and stated, "Florida 'No Fault' insurance does not apply outside of Florida to persons whose status is that of your client's, and we have no medical payments coverage."

On June 26, 1986, plaintiff commenced this action. In his complaint he alleged, *inter alia*, that the defendant had wrongfully and with bad faith refused to pay his medical bills. He prays for punitive damages, treble damages on all unpaid medical bills, attorney fees, and costs.

Plaintiff served a summons and complaint on the Colorado Insurance Commissioner on June 30, 1986. On December 19, 1988, the defendant not having appeared in the action, plaintiff served a summons and complaint on the Florida Insurance Commissioner.

On January 12, 1989, plaintiff granted defendant a thirty-day extension to appear in order to give defendant time to review plaintiff's medical bills. On January 13, 1989, defendant sent plaintiff a check for

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

$548 to pay medical bills as presented to it on October 22, 1984. On February 16, 1989, defendant obtained an open extension and continued to pay medical bills through September 30, 1989.

In December 1989, defendant moved for dismissal of the complaint based on a lack of personal jurisdiction over it. It did not contest any of the above stated facts, but did deny that it had committed a tort in Colorado.

Plaintiff contends that the court has jurisdiction over the defendant pursuant to the long-arm statute, specifically §§ 13–1–124(1)(a) and (b), C.R.S. (1987 Repl.Vol. 6A) concerning transaction of business within the state and the commission of a tortious act within the state. Plaintiff also claims that defendant was doing business within the state as set forth in § 10–3–903, C.R.S. (1987 Repl.Vol. 4A) and that therefore, service on the Colorado Insurance Commissioner pursuant to § 10–3–905, C.R.S. (1987 Repl.Vol. 4A) was valid and binding on defendant. In its order granting the motion to dismiss, the trial court ruled that plaintiff had not established jurisdiction on any of the asserted bases.

## I.

Plaintiff contends the record establishes that defendant committed a tortious act in Colorado such that jurisdiction was proper under § 13–1–124(1)(b) of the long-arm statute. We agree.

■ In regard to whether defendant has committed a tort, Colorado has long recognized the tort of bad faith breach of an insurance contract. *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991). As stated in *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984): "[I]t is the affirmative act of the insurer in unreasonably refusing to pay the claim and failing to act in good faith ... that forms the basis for liability in tort." Also, such tort is cumulative to, and does not preempt, any recovery sounding in contract pursuant to the provisions of the No–Fault Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A). *Farmers Group, Inc. v. Williams, supra.*

■ In ruling on a motion to dismiss for lack of personal jurisdiction, all factual disputes are resolved in the plaintiff's favor, *Leidy's, Inc. v. H20 Engineering, Inc.*, 811 P.2d 38 (Colo.1991), and the party asserting jurisdiction under the long-arm statute meets his burden of proof by making a prima facie showing of jurisdiction. *Panos Investment Co. v. District Court*, 662 P.2d 180 (Colo.1983). Further, at such a hearing, allegations in the complaint which are uncontroverted by the defendant must be taken as true. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985).

■ Applying the foregoing law to the facts here, we conclude that the plaintiff has prima facie established the following: (1) An automobile accident occurred in Colorado; (2) the auto in which plaintiff was a passenger was insured by defendant; (3) the plaintiff was injured and incurred medical expenses; and (4) he submitted a claim for such expenses to the defendant. Further, it is uncontested the defendant at first categorically denied liability, but that, some four years later, it admitted liability and began paying plaintiff's medical expenses. That denial of liability for over four years followed by defendant's admission of liability establishes, at least prima facie, that the refusal to pay was unreasonable and willful and wanton.

■ Thus, a prima facie case of the tort of bad faith breach of the insurance contract was presented by plaintiff, and the question becomes whether that tort was committed in Colorado. We conclude that, for purposes of the long-arm statute, it did occur here.

"The use of the term 'tortious act' in the long-arm statute implies the total act embodying both the cause and its effect.... The concept of injury is an inseparable part of the phrase." *D & D Fuller CATV Construction, Inc. v. Pace*, 780 P.2d 520 (Colo. 1989). Here, the medical expenses were incurred in Colorado. Also, the incident which triggered the obligation to pay arose in Colorado. *Cf. McAvoy v. District*

*Court,* 757 P.2d 633 (Colo.1988). Thus, the injury resulting from the refusal to pay manifested itself in Colorado.

Tortious conduct in a foreign state which causes injury in Colorado may be deemed to be an act committed in Colorado so as to satisfy the long-arm statute. *Scheuer v. District Court,* 684 P.2d 249 (Colo.1984). Accordingly, the record here constitutes a prima facie showing of a tortious act within the state for the purposes of the long-arm statute. We, therefore, hold that the trial court had personal jurisdiction over defendant based on those acts allegedly taken by it which caused injury in Colorado.

## II.

Because of our determination on the foregoing issue, the remaining issues advanced by plaintiff are moot. *Barnes v. District Court,* 199 Colo. 310, 607 P.2d 1008 (1980).

The judgment of dismissal is reversed, and the cause is remanded to the trial court with directions to reinstate the complaint.

PIERCE and DUBOFSKY, JJ., concur.