**Linda HANSEN, Plaintiff–Appellee and Cross–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant and Cross–Appellee.**

**Nos. 94CA1891, 95CA0042.**

Colorado Court of Appeals, Div. V.

July 25, 1996.

Rehearing Denied Sept. 19, 1996.

Certiorari Granted April 21, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

Cook & Lee, P.C., Stephen H. Cook, Boulder, for Plaintiff–Appellee and Cross–Appellant.

Creamer and Seaman, P.C., Thomas J. Seaman, Gregory R. Giometti, Denver, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge ROY.

In this consolidated appeal, defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals a judgment entered on a jury verdict in favor of plaintiff, Linda Hansen, on her claims for unpaid PIP benefits, bad faith breach of an insurance contract, and attorney fees and interest. We reverse and remand for a new trial.

Plaintiff's claims arose from State Farm's alleged failure to investigate adequately and pay PIP benefits for injuries she suffered in two automobile accidents, one in August 1991 in which she apparently sustained a brain injury, and the other in April 1992.

State Farm refused to pay or delayed payment on a number of bills related to plaintiff's rehabilitation and suspended all payments in July 1992 after she failed to be examined by two physicians designated by State Farm, an orthopedic surgeon and a psychiatrist.

The insurance policy contained the following pertinent provisions:

*REPORTING A CLAIM—*
*INSURED'S DUTIES*

. . . .

4. *Other Duties Under No–Fault, Uninsured Motor Vehicle and Death, Dismemberment and Loss of Sight Coverages.*
The *person* making claim also shall:

. . . .

b. be examined by physicians chosen and paid by us [State Farm] as often as we reasonably may require. A copy of the report will be sent to the *person* upon written request. If the *person* is dead or unable to act, his or her legal representative shall authorize us to obtain all medical reports and records.

. . . .

### CONDITIONS

. . . .

2. *Suit Against Us.*

There is no right of action against us:

a. until all the terms of this policy have been met . . . . (emphasis in original)

Prior to the scheduled examination with the orthopedic surgeon, plaintiff's counsel announced in a letter to State Farm that plaintiff would be accompanied by a nurse paralegal retained by plaintiff's counsel who would observe the examination and take notes. Counsel gave no reason for this condition. The examining physician refused to permit the nurse paralegal to be present during the examination.

Plaintiff's counsel later requested the psychiatrist's curriculum vita, which was not provided by State Farm, and the plaintiff did not appear for an examination by the psychiatrist.

Following the initial problems with the physician examinations, the parties became increasingly intransigent. Plaintiff, through counsel, refused to submit to an examination by an orthopedic physician unless he was board certified, was officed in Boulder County, and did not refuse the third party observation. State Farm, even though it knew that its original physician's partner had no objection to the observer, nevertheless refused to designate any alternate physician.

Relying on the provisions of the insurance contract, State Farm discontinued payment of PIP benefits.

In March 1993, plaintiff commenced this action alleging breach of contract for failure to pay PIP benefits pursuant to § 10–4–701,

C.R.S. (1994 Repl.Vol. 4A) and bad faith breach of an insurance contract.

At trial, there was evidence that plaintiff, while she had visited male health care professionals of her own choosing unaccompanied, was fearful of being alone with men she did not know because she had been sexually assaulted as a child. Plaintiff had not provided this information to State Farm prior to the commencement of the action because she and her counsel considered it to be confidential.

The principal issue at trial was whether State Farm's request for an examination by physicians of its choosing was reasonable or whether plaintiff complied with the policy provisions relating to the examinations.

The jury returned a verdict in favor of plaintiff for unpaid PIP benefits of $28,207 plus interest at 18% after July 8, 1992, and for $300,000 for economic and noneconomic damages plus statutory interest calculated after July 8, 1992, for the bad faith breach of insurance contract claim. The trial court awarded plaintiff $86,750 in attorney fees and $11,823.22 in costs. The judgment on the merits and the award of attorney fees and costs have been consolidated for purposes of appeal.

### I.

■ State Farm argues that the trial court erred in not instructing the jury concerning plaintiff's failure to submit to an examination by the orthopedic surgeon or the psychiatrist. We agree and conclude that a new trial is required.

■ The form of jury instructions is within the sound discretion of the trial court. *Hendricks v. Weld County School District No. 6*, 895 P.2d 1120 (Colo.App.1995).

■ Regardless of whether a party's instruction is correct in form, the offering of an instruction which is supported by evidence at trial and the applicable law triggers the trial court's obligation to give a correct instruction. *See Short v. Kinkade*, 685 P.2d 210 (Colo.App.1983); *see also DeBose v. Bear Valley Church of Christ*, 890 P.2d 214 (Colo. App.1994) (*cert. granted*, June 19, 1995); *see generally Jordan v. Bogner*, 844 P.2d 664,

667 (Colo.1993) ("A trial judge is obligated to correctly instruct the jury on the law applicable to the case."); 9A C. Wright & A. Miller, *Federal Practice & Procedure Civil 2d* § 2556 (2d ed. 1995) (federal practice requires the trial court to instruct the jury properly on the controlling issues in the case even though there has been no request for an instruction or the instruction requested is defective).

As our supreme court stated in *Davis v. Cline,* 177 Colo. 204, 210, 493 P.2d 362, 365 (1972):

> [T]he trial court had a duty to instruct the jury on [plaintiff's theory of the case], a theory amply supported by competent evidence, when requested to do so, even though counsel may have failed to tender an entirely suitable instruction.

■ Moreover, when a party submits instructions which are incorrect as to form, but otherwise correct, a trial court's refusal to instruct the jury concerning a party's defense constitutes prejudicial error because the jury has no standard against which to judge the defense. *Lee v. Great Empire Broadcasting, Inc.,* 794 P.2d 1032 (Colo.App. 1989); *see also Trione v. Mike Wallen Standard, Inc.,* 902 P.2d 454 (Colo.App.1995) (reasonable to conclude that refusal of tendered instruction in two trials which had adverse verdicts constituted prejudicial error).

State Farm contends, citing *Jensen v. American Family Mutual Insurance Co.,* 683 P.2d 1212 (Colo.App.1984), that the trial court should have instructed the jury that compliance with the examination requirement of the insurance contract is a condition precedent to plaintiff being entitled to receive PIP benefits. Therefore, the argument continues, if State Farm's request that plaintiff submit to an independent medical examination was reasonable, and plaintiff refused, no benefits were payable.

In *Jensen,* a division of this court upheld a provision in a PIP policy which conditioned payment of benefits upon examination by a physician selected by the insurer. There, the jury was given a special verdict form in which it was asked whether the insurer's requests for physical examinations were reasonable and whether the insured had refused to comply. It answered both questions in the affirmative. Such a jury finding, the court held, properly barred recovery. *See CJI–Civ.3d* 30:1 (1990) (Notes on Use) (if the issue of nonperformance or nonoccurrence of a condition precedent is an issue, a separate instruction is required); *see also Allstate Insurance Co. v. Orban,* 855 P.2d 9 (Colo.App. 1992) (insured's duty to report accident promptly a condition precedent to insurer's duty to perform obligations under policy).

Here, State Farm tendered the following instruction to the trial court:

> Compliance with the physical examination requirements of the State Farm insurance policy is a condition precedent to plaintiff's recovery of benefits under the policy. If you find that State Farm's request that plaintiff attend examinations by [the orthopedic surgeon] and/or [the psychiatrist] was reasonable under the circumstances of this case and that plaintiff failed to be examined by [either of the two physicians], then plaintiff is not entitled to recover benefits under her policy of no-fault insurance and your verdict must be in favor of defendant and against plaintiff. On the other hand, if you find that State Farm's request for plaintiff to be examined by [the two physicians] was not reasonable under the circumstances, or that plaintiff complied with State Farm's request to submit to these examinations, then you may consider whether plaintiff is entitled to recover benefits under her policy of no-fault insurance.

Plaintiff's counsel objected on the grounds that the jury "might think this is the only evidence that matters." The court rejected the instruction on the grounds that the instruction contained a conclusory statement. It suggested that State Farm tender an instruction that did not advise the jury as to the effect of plaintiff's failure to comply with the provision. The court gave State Farm's counsel the opportunity to prepare an instruction containing a statement about the policy provision and a summary of *Jensen.* Counsel declined and stood on the instruction as submitted.

The trial court also rejected a special verdict form submitted by State Farm containing an interrogatory which stated:

Question No. 1: Did the plaintiff, Linda Hansen, comply with the terms of the physical examination requirement of her policy with defendant?

The trial court submitted to the jury a special verdict form containing the following interrogatory:

Question No. 1: BREACH OF CONTRACT: Did the defendant, State Farm Mutual Automobile Insurance Company, breach the terms of its automobile insurance policy with Linda Hansen?

The court, therefore, did not instruct the jury on, nor direct it to address, the issue of the obligation of plaintiff to submit to reasonably requested independent medical examinations and the requirement that plaintiff comply with the policy prior to any litigation.

■ Subject to the considerations discussed below, this obligation of plaintiff to submit to independent medical examinations reasonably requested by State Farm is an aspect of claim reporting and is a condition precedent to the obligation of State Farm to pay, or continue to pay, a claim under the contract of insurance. The physical examination requirement coupled with the requirement of compliance with the insurance contract by plaintiff is a condition precedent to the commencement of any litigation against State Farm on the policy.

■ Under the circumstances, an instruction on the obligation of plaintiff to submit to a reasonably requested independent medical examination was mandatory. Further, since the trial court used a special verdict form with interrogatories, an interrogatory concerning the obligation of plaintiff was, in our view, likewise mandatory.

Therefore, the judgment cannot stand, and a new trial is required.

## II.

■ Because it is likely to arise on retrial, we address the propriety of the instruction tendered by State Farm.

While the instruction submitted by State Farm is, as far as it goes, an essentially correct statement of the law with respect to conditions precedent, we agree that it fails adequately to address all of the issues and evidence in this case and should not have been given, or given alone. The instruction, as we read it, states that the requirement of reasonableness relates only to whether State Farm had a justification for requesting the medical examination.

We conclude that reasonableness, in this context, extends well beyond whether there is a justification for the independent medical examination. Rather, it reaches the terms of the request itself. *See Hart v. Dominion Insurance Co.,* 29 Colo.App. 404, 487 P.2d 826 (1971) (policy requirement that Colorado insured submit to medical examination in Minnesota at insurer's expense was unreasonable), *rev'd on other grounds,* 178 Colo. 451, 498 P.2d 1138 (1972). The jury must also consider the issue of whether the selection of the examining physician was reasonable together with the reasonableness of State Farm's insistence on the use of that physician after problems arose.

■ The requirement that a claimant submit to a reasonably requested independent medical examination as a part of the claims process is discretionary with State Farm and may be imposed at any time the claim is pending. Therefore, in our view, an insurance carrier cannot use the independent medical examination to escape liability for conduct amounting to bad faith breach of the insurance contract occurring prior to the request. Bad faith breach of an insurance contract is a tort, not a contract action. *Ranger v. Fortune Insurance Co.,* 817 P.2d 600 (Colo.App.1991). Therefore, the fact, if it be a fact, that the insured refuses to submit to a reasonably requested independent medical examination or that the examination reveals that the treatment is not necessary or causally related will not relieve the insurance carrier for bad faith conduct or delay occurring prior to the request for an examination.

■ We likewise conclude that the claimant or insured does not have the right unilaterally or unreasonably to impose conditions on his or her submission to a reasonably

requested independent medical examination. *Cf. Hayes v. District Court,* 854 P.2d 1240 (Colo.1993) (under C.R.C.P. 35(a), court has discretion in allowing a plaintiff in a personal injury action to bring a third party or a tape recorder to an exam performed by a physician).

■ Nor, in this case, can plaintiff refuse to participate in a reasonably requested independent examination by the psychiatrist or unreasonably impose geographical limits on the selection of an orthopedic surgeon. In addition, the jury should be permitted to consider whether the refusal of plaintiff, or counsel, to disclose the basis, if it be such, for requiring a third party to be present during the examination was itself reasonable.

## III.

■ Because it may arise on retrial, we address, and agree with, the contention by defendant that an instruction concerning inducing a breach of contract was erroneous.

The trial court, tracking the language of *CJI–Civ.3d* 30:19 (1990), gave the jury the following instruction tendered by plaintiff:

> The Plaintiff, Linda Hansen, is not legally responsible to the Defendant, State Farm Mutual Automobile Insurance Company, on the Defendant's claim that she breached the contract by not seeing [a physician paid for by State Farm] if the defense of inducing a breach of contract is proved. This defense is proved if you find both of the following:
>
> (1) By words or conduct, or both, the Defendant caused the Plaintiff not to perform her obligation as required by the claimed contract; and
>
> (2) The Defendant actually knew, or knew there was a substantial likelihood, its words, or conduct, or both, would have that result.

■ In normal circumstances, a defendant tenders an inducement to breach instruction as an affirmative defense, and the defendant has the burden of proving that affirmative defense. *See CJI–Civ.3d* 30:19 (Notes on Use); *see also* C.R.C.P. 8(c).

Here, there is no assertion that plaintiff breached a promise to State Farm.

■ The issue for resolution is what, if any, obligations plaintiff must perform in order to become or remain eligible for benefits under a contract with State Farm, *i.e.,* whether a condition precedent existed and was met. The failure of plaintiff to comply with such a condition does not give State Farm a claim against plaintiff; instead, if anything, it releases State Farm from the obligation to pay contractual benefits.

The trial court accepted the inducement instruction because it concluded that the jury needed some guidance as to whether plaintiff had a right to refuse to see the physician selected by State Farm. In the trial court's view, the instruction would help to explain that plaintiff's refusal to see the physician might be excused. However, plaintiff's refusal to submit to the physical examinations is excused, as we have already stated, if there is no reasonable justification for the request or the terms of the request itself are unreasonable. The court gave the instruction, therefore in part, to fill the void left by its failure to give the condition precedent and related instructions and, in our view, aggravated the impact of that failure.

■ An instruction which misleads or confuses the jury is error. Accordingly, the court should not have delivered the instruction on inducing a breach, and likewise, it should not deliver it on retrial to a jury which will have been properly instructed on condition precedent and related matters. *See Hock v. New York Life Insurance Co.,* 876 P.2d 1242 (Colo.1994).

We have reviewed the balance of the errors asserted by State Farm and conclude that either they are not likely to recur on retrial or, as asserted, they are without merit.

The judgment is reversed, and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

CASEBOLT, J., concurs.

RULAND, J., dissents.

Judge RULAND dissenting.

I respectfully dissent from the majority's holding that the trial court erred in failing to redraft State Farm's instruction addressing the condition precedent to payment of benefits under the policy. I further disagree with the majority's conclusion that the instruction on inducing a breach of contract constitutes error here. Accordingly, I would affirm the judgment.

I agree with the majority's analysis of the deficiencies in the proposed instruction. However, I would characterize those deficiencies in stronger terms. Specifically, the policy terms granted State Farm the right to make the request for an independent medical examination, and there is no suggestion in this record that State Farm's initial request was unreasonable. Further, it is undisputed that plaintiff "failed" to be examined. Thus, the jury could read the instruction as mandating a verdict for State Farm.

Plaintiff properly objected to the form of this instruction because it failed to address the issue of bad faith and, thus, made it appear as if the case involved only one claim. The court agreed and the following exchange occurred between the court and defense counsel:

THE COURT: This instruction submitted by the defendant is not a successful attempt to explain this area of the law yet, so—

[DEFENSE COUNSEL]: Well, I guess my problem is, I don't know how to explain the concept of condition precedent without explaining what the effects of failure to satisfy are.

THE COURT: Well, if you just stated the terms of the contract and you just stated the terms of the case [*Jensen*], that might be sufficient without drawing the conclusions. My suggestion—

[DEFENSE COUNSEL]: At this point in time, I really don't have time to redraft this, so I guess this is the instruction that I'm submitting.

THE COURT: Okay. So, if this is what you want to stand on, the Court will reject this instruction for the reasons I indicated.

The court later confirmed its position on the tendered instruction by noting on the instruction form: "Court would have (1) accepted a statement of the contract term and (2) the holding in *Jensen* [D]efendant chose not to submit such an instruction."

I recognize that, under some circumstances, the trial court has a duty to instruct the jury properly on a defendant's defenses in the case if such are supported by competent evidence. This is so even though counsel fails to submit an "entirely suitable instruction." *Davis v. Cline*, 177 Colo. 204, 210, 493 P.2d 362, 365 (1972).

However, it is also well established that if counsel injects error into a case, then he or she must abide by the consequences of such act. *People v. Zapata*, 779 P.2d 1307 (Colo. 1989). Further, this rule clearly extends to jury instructions. *People v. Collins*, 730 P.2d 293 (1986).

Here, defense counsel was provided the opportunity to redraft the instruction so as to address the court's concerns. He chose not to do so. Counsel's claim of time constraints rings hollow given the court's suggestion as to the necessary revisions. Obviously, the court would have granted counsel sufficient time to make needed revisions. Under these circumstances, I view the invited error doctrine as fully applicable.

In addition, if we do not apply that doctrine under the circumstances here, then the burdens on trial courts in future cases will become onerous. Counsel will be able to tender an instruction or series of instructions that are totally deficient and then transfer to the court the obligation to redraft the documents in the proper form by simply announcing that he or she elects to "stand" on those instructions.

Further, I do not view the error in the form of the instruction discussed in part III of the majority opinion as warranting reversal of the judgment. This instruction in effect incorporated State Farm's assertion that plaintiff was precluded from the receipt of benefits based upon her failure to be examined by the physicians in question. The instruction then confirms that her failure was excused if State Farm caused her to miss

those examinations. Hence, in my view, the error was harmless.

Accordingly, for these reasons, I would affirm the judgment.