**Linda HANSEN, Petitioner,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

**No. 96SC716.**

Supreme Court of Colorado, En Banc.

May 18, 1998.

Holland & Hart LLP, A. Bruce Jones, Marcy G. Glenn, Stephanie D. Welsh, Denver, Peter Schild, Boulder, for Petitioner.

Seaman and Giometti, P.C., Gregory R. Giometti, Thomas J. Seaman, Karl A. Chambers, Denver, for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

This appeal arises out of a jury verdict for Petitioner, Linda Hansen, on her claims against State Farm Mutual Automobile Insurance Company (State Farm) for breach of contract for failing to pay Personal Injury Protection (PIP) benefits and for bad faith. One of the principal issues at trial was whether State Farm's request that Hansen submit to an examination by physicians of its choosing was reasonable, and whether Hansen's failure to do so defeated her request for coverage and her assertion of bad faith. The court of appeals reversed the trial court

judgment and remanded for a new trial based upon jury instruction error. *See Hansen v. State Farm Mut. Auto. Ins. Co.,* 936 P.2d 584 (Colo.App.1996).

We granted review of the court of appeals' rulings on the claimed instructional errors.[1] We now hold that the trial court satisfied its obligation to instruct the jury, both with respect to its decision not to give the tendered independent medical examination (IME) instruction and with respect to the inducement instruction as given. For these reasons, we reverse the judgment of the court of appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hansen was involved in two automobile accidents, on August 31, 1991 and April 25, 1992 respectively. She sustained multiple injuries in both accidents. At the times of the accidents, Hansen was insured with State Farm and claimed benefits under the no-fault provision of her policy. State Farm initially paid certain benefits under the policy and later declined to do so. Hansen filed suit for breach of contract and bad faith.

Hansen's policy with State Farm provided, in pertinent part:

REPORTING A CLAIM—INSURED'S DUTIES

4. *Other Duties Under No–Fault, Uninsured Motor Vehicle and Death, Dismemberment and Loss of Sight Coverages.*

The *person* making the claim also shall:
. . .

b. be examined by physicians chosen and paid by us [State Farm] as often as we reasonably may require. . . .

2. *Suit Against Us.*

There is no right of action against us:

a. until all the terms of this policy have been met. . . .

(Emphasis in original.)

State Farm was concerned that Hansen's requests for medical expenses were not reasonable or necessary. At State Farm's request, Hansen underwent one IME in November of 1991 with a chiropractic orthopedist and another IME in April of 1992 with an ophthalmologist. In May of 1992, State Farm notified Hansen that she would need to attend another IME with an orthopedic surgeon. Hansen arrived at the doctor's office for the scheduled appointment with the orthopedic surgeon, but refused to be examined unless a nurse observer was also present. State Farm's surgeon would not agree to proceed with the examination in the presence of a third person, hence, no orthopedic examination took place. In September 1992, State Farm notified Hansen that she would be required to attend a psychiatric IME. Through counsel, Hansen requested a resume of State Farm's psychiatrist's qualifications and permission to have a nurse observer attend the exam. State Farm did not respond to the requests; hence, the psychiatric IME also never occurred.

The matter was tried to a jury in July 1994. At trial, State Farm took the position that Hansen had failed to satisfy a condition precedent to her coverage by not attending the orthopedic and psychiatric IMEs. According to State Farm, Hansen's conduct defeated her right to recovery on both the breach of contract and bad faith claims. In support of this position, State Farm tendered a jury instruction modeled after *Jensen v. American Family Mutual Insurance Co.,* 683 P.2d 1212 (Colo.App.1984), which provided:

Compliance with the physical examination requirements of the State Farm insurance policy is a condition precedent to plaintiff's recovery of benefits under the policy. If you find that State Farm's request that

---

**1.** We granted certiorari to consider: "1. Whether the court of appeals erred in interpreting *Davis v. Cline,* 177 Colo. 204, 493 P.2d 362 (1972), as requiring the trial court to instruct the jury on one of defendant's theories, when defense counsel (a) tendered an incorrect instruction on the issue, and (b) rejected the opportunity offered by the trial court to redraft the instruction so as to comply with the facts of the case and existing law [; and] 2. Whether the court of appeals erred in failing to conclude that the claimed error in the 'inducement instruction' was harmless."

plaintiff attend examinations by Dr. Barry Lindenbaum [State Farm's orthopedic surgeon] and/or Dr. I. Gene Schwarz [State Farm's psychiatrist] was reasonable under the circumstances of this case and that plaintiff failed to be examined by Dr. Lindenbaum or Dr. Schwarz, then plaintiff is not entitled to recover benefits under her policy of no-fault insurance and your verdict must be in favor of defendant and against plaintiff. On the other hand, if you find that State Farm's request for plaintiff to be examined by Dr. Lindenbaum and Dr. Schwarz was not reasonable under the circumstances, or that plaintiff complied with State Farm's request to submit to these examinations, then you may consider whether plaintiff is entitled to recover benefits under her policy of no-fault insurance.

On the morning of the last day of trial, the court conferred with counsel about jury instructions. Hansen objected to the above instruction on two grounds: (1) because it focused on the reasonableness of the requests that Hansen undergo additional IMEs, without reference to the reasonableness of the terms and conditions of those IMEs; and (2) because it characterized the IME examination question as the sole issue of the case, dispositive of both the breach of contract and bad faith claims. Hansen argued in part that evidence of bad faith preceded the IME controversy, and would not in any event be defeated by Hansen's failure to undergo the IMEs. State Farm maintained that Hansen's failure to submit to the IMEs was a failure to satisfy a condition precedent under the insurance contract, which relieved State Farm of any duty to pay benefits.

At the jury instruction conference, the trial judge agreed with Hansen that the tendered instruction was "not a successful attempt to explain this area of the law" and suggested that State Farm's counsel tender a revised instruction. At that point, the following dialogue ensued:

> State Farm's counsel: At this point in time, I really don't have time to redraft this, so I guess this is the instruction that I'm submitting.

> Court: Okay. So, if this is what you want to stand on, the Court will reject this instruction for the reasons I indicated.

Counsel did not request additional time to correct the tendered instruction nor did counsel request any further clarification of what the court would have required. The court marked its rejection on the face of the tendered instruction with a note that read: "Court would have (1) accepted a statement of the contract term and (2) the holding in *Jensen* [*v. American Family Mutual Insurance Co.*, 683 P.2d 1212 (Colo.App.1984)]. Defendant chose not to submit such an instruction."

Additionally, Hansen proposed the following instruction regarding inducement, which the court gave over State Farm's objection:

> The Plaintiff, Linda Hansen, is not legally responsible to the Defendant, State Farm Mutual Automobile Insurance Company, on the Defendant's claim that she breached the contract by not seeing Dr. Swarz [sic] if the defense of inducing a breach of contract is proved. This defense is proved if you find both of the following:

> (1) By words or conduct, or both, the Defendant caused the Plaintiff not to perform her obligation as required by the claimed contract; and

> (2) The Defendant actually knew there was a substantial likelihood its words or conduct, or both, would have that result.

State Farm objected to the inducement instruction because it had not made a claim for breach of contract. The trial court concluded that the instruction was accurate and supported by the evidence.

The jury returned verdicts in favor of Hansen on both her breach of contract and bad faith claims. The court entered judgment on the jury's verdicts.

State Farm appealed to the court of appeals arguing that the trial court erred in not instructing the jury, pursuant to *Jensen*, that Hansen's failure to submit to the orthopedic and psychiatric IMEs was a failure to satisfy a condition precedent under the policy. The relevant provision in the *Jensen* policy provided: "[N]o action shall lie against the company unless as condition precedent thereto

... [t]he eligible person ... submit[s] to physical and mental examinations by physicians selected by the company, when and as often as the company may reasonably require." *Jensen,* 683 P.2d at 1213. The issue before the court of appeals was whether the condition of the insurer's PIP policy conditioning payment of benefits upon an IME was an impermissible restriction of the coverage specified by the Colorado Auto Accident Reparations Act (the No–Fault Act). *See id.* The court of appeals held that under the policy before it, the plaintiff's compliance with the physical examination provision was a condition precedent to her recovery of benefits and that the provision did not violate the No–Fault Act. *See id.* at 1214.

Here, the court of appeals concluded that the trial court should have given an instruction on Hansen's obligation to submit to a reasonably requested IME. *See Hansen,* 936 P.2d at 589. It reasoned that when a party tenders an instruction supported by the evidence and applicable law, the trial court becomes obligated to give a correct instruction, regardless of whether the party's instruction "is correct in form." *Id.* at 587. The court of appeals relied on *Davis v. Cline,* 177 Colo. 204, 493 P.2d 362 (1972), for the proposition that a party is entitled to a theory of the case instruction even where counsel fails to tender an "entirely suitable instruction." *Id.* at 210, 493 P.2d at 365. The court of appeals held that the trial court's failure to so instruct the jury constituted prejudicial error warranting a new trial. *See Hansen,* 936 P.2d at 589.

The majority of the court of appeals also concluded that the inducement instruction should not have been given.[2] *See id.* at 590. The dissenting judge opined that the instruction was generally correct and that any error was harmless.

## II. TRIAL COURT'S DUTY TO INSTRUCT

■ We agree that a trial court is obligated to instruct the jury correctly on the law applicable to the case. *See Gordon v. Benson,* 925 P.2d 775, 777–78 (Colo.1996); *Jordan v. Bogner,* 844 P.2d 664, 667 (Colo.

1993); *Stephens v. Koch,* 192 Colo. 531, 533, 561 P.2d 333, 334 (1977). A party is also entitled to an instruction embodying his or her theory of the case if it is supported by competent evidence. *See Gordon,* 925 P.2d at 777–78; *Federal Ins. Co. v. Public Serv.,* 194 Colo. 107, 112, 570 P.2d 239, 242 (1977).

■ However, the trial judge is not an advocate and need not serve as counsel for either party. The cases finding that trial courts have a general duty to instruct simply cannot be construed to require trial courts to craft appropriate theory of the case instructions when a party's own counsel declines to do so.

■ The trial court found that the instruction tendered by State Farm was not an accurate statement of the law, given the circumstances of this case. The court of appeals agreed with that conclusion and this issue is not before us. The trial court notified counsel of its concerns and offered counsel an opportunity to redraft the instruction appropriately. Counsel declined. We conclude that the trial court satisfied its responsibilities; requiring more would be tantamount to interjecting the trial judge into the strategic decision-making of both parties in every trial.

■ It has long been this court's practice not to review errors alleged by a party who is responsible for the claimed error. *See People v. Zapata,* 779 P.2d 1307, 1309 (Colo.1989)(declining to address merits of plain error argument raised by criminal defendant where defendant's counsel prepared and tendered instruction about which defendant later complained); *People v. Collins,* 730 P.2d 293, 304 (Colo.1986)(declining to address merits of plain error argument raised by criminal defendant where defendant objected to provocation instruction which he later claimed should have been given); *People v. Shackelford,* 182 Colo. 48, 50, 511 P.2d 19, 20 (1973)(holding that defendant may not complain he is prejudiced by testimony his counsel elicits); *Stilley v. People,* 160 Colo. 329, 332–33, 417 P.2d 494, 495–

---

**2.** We note that it is not clear from the court of appeals decision whether it would have found

that error in the inducement instruction, standing alone, would have mandated reversal.

96 (1966)(holding that defendant "cannot successfully allege error to the ruling of the court made on his own motion, nor attack the action of the court induced by him"); *Palmer v. Gleason,* 154 Colo. 145, 148, 389 P.2d 90, 91 (1964)(ruling that party may not complain that jury considered evidence which it offered); *Gray v. People,* 139 Colo. 583, 588, 342 P.2d 627, 630 (1959)(holding that defendant cannot allege error where trial court gives an instruction which defendant demands).

State Farm argues that the invited error doctrine does not apply to facts such as these, but rather applies only where a party affirmatively requests that the court take a particular action and then later complains of that same action. We have not confined the invited error doctrine to such a narrow application.

Rather, we have held that under the doctrine of "invited error," a party may not later complain where he or she has been the instrument for injecting error in the case; instead, the party is expected to abide the consequences of his or her acts. *Zapata,* 779 P.2d at 1309; *Shackelford,* 182 Colo. at 50, 511 P.2d at 20. For example, in *People v. Huckleberry,* 768 P.2d 1235 (Colo.1989), the defendant tendered an instruction to the trial court setting forth his alibi defense theory and characterizing alibi as an affirmative defense. The trial court rejected the tendered instruction because alibi is not an affirmative defense. The trial court also offered to give an instruction that set forth the defendant's alibi theory and restated the prosecution's burden to prove each element of the charge beyond a reasonable doubt. Huckelberry rejected the court's proposed instruction and was subsequently convicted. We affirmed the conviction, including the court's rejection of the tendered instruction. *See id.* at 1238–39. While we did not explicitly discuss the invited error doctrine in *Huckleberry,* in *People v. Nunez,* 841 P.2d 261 (Colo.1992), we explained that the events in *Huckleberry* constituted invited error. *See Nunez,* 841 P.2d at 264, n. 5. In discussing *Huckleberry,* we explained:

> [T]he defendant rejected the trial court's proposed instruction on the alibi theory of defense. As a result, the defendant in *Huckleberry* in effect waived the right to an instruction on his theory of defense and invited error. There was no need for this court to reverse the judgment in *Huckleberry* because error that the defendant has invited does not require reversal.

*Id.*

Here, State Farm's counsel actively participated in the jury instruction conference and deliberately chose not to redraft the instruction to comport with the law.

State Farm argues that if the trial court found its instruction to be inadequate, the court should have redrafted the instruction as it saw fit. We disagree. It is not incumbent upon the trial judge to interfere with a party's choice of trial tactic or theory of defense. In jury trials, a trial judge's responsibility is to provide a fair forum for both parties, certainly not to advocate for either party.

■ Similarly, we will not countenance a party's attempt to implant error into a case so as to be well-positioned on appeal if the trial results are unfavorable. For example, in *Morgan County Department of Social Services v. J.A.C.,* 791 P.2d 1157 (Colo.App. 1989), the court denied the defendant's motion for new trial concluding that the error, if any, was invited. Based upon the wording of counsel's argument made prior to voir dire, the court found that counsel knew of but did not cite a case which was controlling authority. *See Morgan,* 791 P.2d at 1159. Counsel conceded at oral argument before the court of appeals that he knew of the case when he made the objection. *See id.* Further, the court found that counsel's objective in not informing the trial court of the authority was to ensure that a second trial could be secured if the first were lost. *See id.*

■ State Farm would have been entitled to a correct *Jensen* instruction, as the trial court noted. State Farm's failure to request and tender such an instruction comprises invited error, which cannot serve as the basis for reversal.

## III. INDUCEMENT INSTRUCTION

We now turn to the propriety of the inducement instruction. State Farm contends that the instruction was misleading and confusing because State Farm did not assert a claim against Hansen for breach of contract. While we agree that the instruction was not a model of clarity, we conclude that it was sufficiently supported by law and the evidence, such that the trial court's error in giving the instruction was harmless.

 First, the record supports the trial court's determination that the instruction was well-founded. The crux of State Farm's defense was that Hansen had breached the IME requirement set forth in the policy, thereby absolving State Farm of its coverage obligations. The following interchange is illustrative:

Court: Well, you are claiming that she breached the contract by not going to the examination, right?

State Farm's counsel: Right.

Court: Okay. So, if she did and she breached the contract, then that relieves you of any responsibility to perform on the contract?

State Farm's counsel: That is what we're saying. That is our argument.

 Second, while the language of the instruction is not technically accurate in that State Farm did not bring a claim against Hansen, the instruction is not so confusing as to mislead the jury. We presume that a jury applies the common meaning of words used in instructions. *See Armentrout v. FMC Corp.*, 842 P.2d 175, 187 (Colo.1992). Here, the words "claim" and "defense," if given their common meanings, are appropriate and accurate in light of the parties' positions and the evidence.

## IV. CONCLUSION

We conclude that the trial court in this case satisfied its obligation to instruct the jury on the law of the case. Any error in failing to give a correct *Jensen* instruction was attributable to a tactical decision of State Farm, of which it cannot now complain. We also conclude that while not ideal, the inducement instruction given by the trial court was not so flawed as to constitute reversible error. We therefore reverse the judgment of the court of appeals and remand with directions to reinstate the trial court's judgment.