**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 13, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ELET VALENTINE,

    Plaintiff - Appellant,

v.

JAMES RIVER INSURANCE
COMPANY; UBER TECHNOLOGIES,
INC.; RASIER, LLC,

    Defendants - Appellees.

No. 22-1323
(D.C. No. 1:20-CV-01638-CMA-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Following a car accident in 2017, Elet Valentine sued James River Insurance

Company, Uber Technologies, Inc., and Rasier, LLC, for breach of contract and

related claims.  The district court granted summary judgment to James River, Uber,

and Rasier.  Ms. Valentine now appeals.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Ms. Valentine worked as an Uber driver in Colorado.  On June 7, 2017, while en route to pick up an Uber passenger, Ms. Valentine was rear-ended by an uninsured driver.  Following the accident, she filed an uninsured-motorist claim with Uber's auto-liability insurer, James River Insurance Company.

James River offered Ms. Valentine $335,000 on her claim—an initial $85,000 payment, followed by an offer to pay an additional $250,000.  James River also sent Ms. Valentine multiple letters informing her that it would consider paying more if she participated in an independent medical examination ("IME") and reminding her that the insurance policy required that she cooperate with its investigation into her injuries, including by participating in an IME.  Ms. Valentine rejected James River's offer and declined to participate in an IME.

Thereafter, Ms. Valentine sued James River, alleging breach of contract, common-law bad faith, and bad faith under Colorado law.  She also sued Uber and Rasier (the subsidiary through which Uber operates its ridesharing services), alleging breach of contract and "Vicarious Liability:  Non-Delegable Doctrine."  R. vol. I at 521.  James River moved for summary judgment and, in a separate motion, Uber and Rasier did the same.  The district court referred both summary judgment motions to a magistrate judge, who recommended that the court grant them.  Ms. Valentine timely objected.  The district court overruled Ms. Valentine's objections, adopted the magistrate judge's recommendations, granted the motions, and entered judgment against Ms. Valentine and in favor of the defendants.

## II.  DISCUSSION

On appeal, Ms. Valentine challenges the district court's disposition of her claims against James River, Uber, and Rasier.  Ms. Valentine represents herself, so we construe her filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Where, as here, federal jurisdiction is based on diversity of citizenship, the substantive law of the forum state applies.  *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 29 (10th Cir. 2021).  We review de novo the district court's construction of Colorado law.  *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108–09 (10th Cir. 2002).

We likewise "review a grant of summary judgment de novo, drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party."  *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015) (internal quotation marks omitted).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way."  *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1250 (10th Cir. 2021) (internal quotation marks omitted).  "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit."  *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015) (internal quotation marks omitted).  The movant is entitled to judgment as a matter of law "if the plaintiff fails

to provide sufficient evidence supporting a necessary element of his claim."
*Throupe*, 988 F.3d at 1250.

### A.  Claims Against James River

Ms. Valentine contends the district court erred in granting James River's summary judgment motion.  We disagree and affirm the district court.

"Under Colorado law, insurance policies are contracts," and we construe them using the "principles of contract interpretation."  *Nat'l Union Fire Ins. Co. of Pittsburgh*, 17 F.4th at 29 (internal quotation marks omitted).  To recover on her breach-of-contract claim, Ms. Valentine needed to prove (1) the existence of a contract, (2) her own performance, (3) James River's failure to perform, and (4) resulting damages.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).  "A condition precedent is an act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises."  *Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 564 (Colo. App. 2015) (brackets and internal quotation marks omitted).  Under Colorado law, "performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused."  *Jensen v. Am. Fam. Mut. Ins. Co.*, 683 P.2d 1212, 1214 (Colo. App. 1984).

The insurance policy at issue here provides:  "We have no duty to provide coverage under this policy unless there has been full compliance with the following duties: . . . you and any other involved 'insured' must . . . [s]ubmit to examination, at our expense, by physicians of our choice, as often as we reasonably require."

4

R. vol. II at 430.  It further provides that a claimant may not bring a legal action against James River under the policy until "[t]here has been full compliance with all the terms of this [policy]."  *Id.*

The district court determined that Ms. Valentine failed to perform the provision of the policy that required her to submit to an IME upon request and that this requirement was a condition precedent to James River's obligation to provide benefits under the policy.  The court concluded that Ms. Valentine's refusal to participate in an IME voided James River's obligation to perform and therefore found there was no genuine dispute of material fact on her breach-of-contract claim against James River.  Based on the same reasoning, the district court determined that James River was also entitled to judgment on Ms. Valentine's bad-faith claims.

Ms. Valentine asserts many contentions of error, none of which are persuasive. First, she argues the district court applied the wrong legal standard and treated James River's motion for summary judgment as a motion to dismiss.  However, the district court's order set forth and properly applied the legal standard for summary judgment. Second, Ms. Valentine contends that she complied with James River's request that she submit to an IME because James River's medical expert, Dr. Jeffery Sabin, reviewed her medical records and prepared a report.  But as the district court correctly noted, the record shows that "Dr. Sabin merely conducted a records review; he did not conduct a physical examination."  R. vol. III at 332.  Third, Ms. Valentine makes arguments that she failed to raise in her objections to the magistrate judge's recommendation to the district court.  We deem these arguments waived and decline

5

to address them.  *See Soliz v. Chater*, 82 F.3d 373, 375–76 (10th Cir. 1996) (holding that specific appellate arguments not raised in objections to a magistrate judge's order are waived).

After reviewing Ms. Valentine's claims against James River de novo, we conclude that there is no genuine dispute as to any material fact, and James River is entitled to judgment as a matter of law.[1]  The plain and unambiguous language of the policy required that Ms. Valentine submit to an IME upon request.  She never submitted to an IME, and it is undisputed that James River requested an IME multiple times.  The IME clause in the policy was a condition precedent to Ms. Valentine's recovery under the policy.  *See Soicher*, 351 P.3d at 564; *Jensen*, 683 P.2d at 1214.  And no rational trier of fact could conclude that Ms. Valentine satisfied the condition precedent to coverage.  *See Throupe*, 988 F.3d at 1250.  Thus, we affirm summary judgment as to Ms. Valentine's claims against James River.

## B.  Claims Against Uber and Rasier

Ms. Valentine also contends the district court erred in granting summary judgment to Uber and Rasier on her breach-of-contract and nondelegable-doctrine

---

[1] Because we affirm the district court's grant of summary judgment to James River, we decline to address Ms. Valentine's arguments challenging its denial of her own motion for partial summary judgment.  In addition, she raises various discovery issues that we do not address here because they are immaterial to the disposition of the defendants' motions for summary judgment.

claims.[2]  We are unpersuaded by her arguments and affirm the district court.

As relevant here, the district court determined that:  (1) Ms. Valentine's breach-of-contract claim against Uber did not survive summary judgment because she failed to show that she had a contract with Uber; (2) Ms. Valentine's breach-of-contract claim against Rasier did not survive summary judgment because she failed to identify which contractual provision Rasier allegedly breached; and (3) Ms. Valentine's nondelegable-doctrine claim against both Uber and Rasier did not survive summary judgment because she failed to identify any evidence suggesting Uber or Rasier impermissibly delegated a nondelegable duty owed to her.

On appeal, Ms. Valentine first argues the district court erred by applying the motion to dismiss standard instead of the summary judgment standard to Uber and Rasier's summary judgment motion.  As stated above, the record shows the district court's order provided the legal standard for summary judgment and properly applied it.

Next, Ms. Valentine asserts that her breach-of-contract claims are based on the insurance policy and that Uber and Rasier should be held liable for James River's alleged breach of the insurance policy.  However, she does not cite any legal authority to support this argument, so we decline to consider it.  *See* Fed. R. App. P. 28(a)(8)(A) (an appellant's arguments must contain "appellant's contentions and the

---

[2] Ms. Valentine does not oppose the district court's disposition of her vicarious-liability claim.  *See* Aplt. Opening Br. at 26 (stating that appellant did not present a claim for vicarious liability).

reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Finally, Ms. Valentine contends that Uber and Rasier improperly delegated to James River their "final-policy making authority regarding the processing, evaluating, and adjusting" of her uninsured motorist claim. Aplt. Opening Br. at 28. We also decline to consider this argument because Ms. Valentine provides no factual support or legal authority indicating that Uber or Rasier delegated a nondelegable duty owed to her. *See* Fed. R. App. P. 28(a)(8)(A); *Bronson*, 500 F.3d at 1104.

In sum, after reviewing de novo Ms. Valentine's claims against Uber and Rasier, we uphold the district court's conclusion that there is no genuine dispute as to any material fact, and Uber and Rasier are entitled to judgment as a matter of law.

### III.  CONCLUSION

We affirm the district court's judgment. We deny Ms. Valentine's motion to supplement the record on appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge