Daniel S. **JORGENSEN** and Linda Jorgensen, Plaintiffs–Appellants,

v.

**COLORADO RURAL PROPERTIES, LLC, Dennis Neal, and Scarlett Van-Ross, Defendants–Appellees.**

No. 09CA0604.

Colorado Court of Appeals, Div. VII.

Jan. 7, 2010.

Jorgensen Motycka Lewis, Rebecca Pepin, Longmont, Colorado, for Plaintiffs–Appellants.

Warren, Carlston & Moore, LLP, Thomas Moore, Niwot, Colorado, for Defendants–Appellees.

Opinion by Judge J. JONES.

Plaintiffs, Daniel S. and Linda Jorgensen, appeal the district court's judgment rejecting their claim for civil theft against defendants, Colorado Rural Properties, LLC (CRP), Dennis Neal, and Scarlett VanRoss. They also appeal the district court's order denying their motion for attorney fees and costs. We vacate the judgment on the civil theft claim and remand for further findings on that claim. We affirm the order denying the Jorgensens' motion for attorney fees and costs.

## I.  Background

Following negotiations between the Jorgensens and Mr. Neal (CRP's office manager), CRP hired the Jorgensens as associate realtors. The parties agreed that the Jorgensens would receive 60% of the commissions for sales resulting from "floor calls" (essentially contacts from persons with whom the broker has no previous connection) and 100% of the commissions for sales of their personal properties. However, each of the parties apparently had a different understanding as to what commission split the Jorgensens would receive for sales involving their family, friends, and pre-existing customers from RE/Max, their former employer. The Jorgensens believed they would receive 100% of the commissions from those transactions, while CRP believed the Jorgensens would receive only 60% of the commissions.

When the Jorgensens began working for CRP, they and CRP signed the written Office Policy Manual, as required by the Colorado Real Estate Commission. The Manual, however, did not contain commission splitting terms, and those terms were not set forth in writing elsewhere.

During the approximately four and one-half months the Jorgensens worked for CRP, they sold several properties. CRP paid the Jorgensens 60% of the commission from each of those sales. However, some of those sales involved the Jorgensens' family, friends, and pre-existing customers, for which the Jorgensens believed they were entitled to 100% of the commissions. CRP did not pay the Jorgensens any commission on one sale (the Chie transaction), which closed after the Jorgensens were no longer working for CRP.

The Jorgensens quit and sued CRP, Mr. Neal, and Ms. VanRoss for unpaid commissions. Their amended complaint asserted claims for breach of contract, tortious interference with contract, civil theft under section 18–4–405, C.R.S.2009,[1] and unjust enrichment.[2] Following a bench trial, the court found that there was no meeting of the minds, and hence no contract, as to the commission split on sales involving the Jorgensens' family, friends, and pre-existing customers. Consequently, the court entered judgment in defendants' favor on the breach of contract and tortious interference claims.

---

1. Section 18–4–405 provides that an owner of stolen property may maintain an action against the taker of that property.

2. The Jorgensens asserted their claims for breach of contract and unjust enrichment only against CRP.

However, the court found in the Jorgensens' favor on their unjust enrichment claim against CRP, concluding that the equities dictated that the Jorgensens receive 100% of the commissions on the disputed transactions, except for the Chie transaction, as to which they were entitled to 80% of the commission. The court found that the economic loss rule barred the Jorgensens' civil theft claim because "[a]ny duties allegedly breached by Defendants were contractual in nature." After initially awarding the Jorgensens their attorney fees and costs under a provision in the Manual, the court determined the Jorgensens were not entitled to such an award because they had not prevailed on their breach of contract claim.

## II. Civil Theft Claim

The Jorgensens contend the district court erred by determining that their civil theft claim, which was limited to the commission claimed for the Chie transaction, was barred by the economic loss rule as a matter of law because, having concluded that there was no contract, the district court could not properly have concluded, as it did, that the obligation to pay was contractual. However, it appears the court regarded the obligation to pay under the unjust enrichment claim as contractual. Therefore, we must consider whether the district court erred in applying the economic loss rule to conclude that the unjust enrichment claim barred the civil theft claim. We conclude that it erred and that a remand for further findings as to this claim is necessary.

### A. Standard of Review

The question whether the district court correctly applied the economic loss rule is one of law, which we review de novo. *See Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 2009 WL 1152160 (Colo.App.Nos.07CA0987, 07CA0988, 07CA2342, Apr. 30, 2009).

### B. The Economic Loss Rule

■ The economic loss rule provides that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo.2000); accord *A.C. Excavating v. Yacht Club II Homeowners Ass'n, Inc.*, 114 P.3d 862, 865 (Colo.2005); *Hamon Contractors*, 229 P.3d at 290. The economic loss rule serves three main policy interests:

(1) to maintain a distinction between contract and tort law; (2) to enforce the expectancy interests of the parties so that they can reliably allocate risks and costs during their bargaining; and (3) to encourage the parties to build the cost considerations into the contract because they will not be able to recover economic damages in tort.

*BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72 (Colo.2004); accord *Town of Alma*, 10 P.3d at 1262; *Hamon Contractors*, 229 P.3d at 290.

■ The key to determining whether the economic loss rule bars a tort claim is "determining the source of the duty that forms the basis of the action." *Town of Alma*, 10 P.3d at 1262; accord *Hamon Contractors*, 229 P.3d at 290. If the duty arises under a contract, a tort action may not be brought to recover for a breach of that duty. But if the duty allegedly breached arises independently of any contractual duties, a tort action is allowed. *Town of Alma*, 10 P.3d at 1262; accord *Hamon Contractors*, 229 P.3d at 290.

### C. The Nature of Unjust Enrichment

■■ The theory of unjust enrichment is a judicially-created remedy intended to prevent one party from unfairly benefitting to the detriment of another party. *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo.2008). It may be invoked where (1) one party received a benefit (2) at the claimant's expense (3) under circumstances that would make it unjust for the other party to retain the benefit without paying the claimant commensurate compensation. *Id.*

■ Historically, the unjust enrichment remedy has been referred to as one of quasi-contract or as arising from a contract implied in law. *See Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo.2008);

*Harris Group, Inc. v. Robinson,* 209 P.3d 1188, 1205 (Colo.App.2009); *see* 26 Richard A. Lord, *Williston on Contracts* § 68:1, at 24 (4th ed. 2003) ("It has also been said that quantum meruit, quasi-contract, and an implied at law contract are equivalent terms for an equitable remedy."). However, it is actually a purely equitable remedy: the obligation does not arise in any sense from promises made between the parties or any contract. *See Lewis,* 189 P.3d at 1141 ("When restitution is the primary basis of a claim, as opposed to a remedy for bargains gone awry, it invokes what has been called a 'contract implied in law.' As such, it is an equitable remedy and does not depend on any contract, oral or written." (citations omitted)); *DCB Constr. Co. v. Central City Dev. Co.,* 965 P.2d 115, 119 (Colo.1998) ("[A] 'contract implied in law' is not really a contract at all...."); 26 *Williston on Contracts* § 68:1, at 21 (the remedy arises "where no true contract exists"), 23 (the remedy arises "not from the intent of the parties but from the law of natural justice and equity"); Dan B. Dobbs, *The Law of Remedies* § 4.2(1), at 571 (2d ed.1993) (an unjust enrichment claim "ha[s] nothing to do with a genuine contract"), § 4.2(3), at 580 (the obligation "is not a contract in any sense"; it does not arise from bargaining). Indeed, a claim for unjust enrichment may not be asserted if there is a valid contract covering the subject matter of the alleged obligation to pay. *Bedard v. Martin,* 100 P.3d 584, 592 (Colo.App.2004); *Interbank Investments, LLC v. Eagle River Water & Sanitation Dist.,* 77 P.3d 814, 816 (Colo.App.2003).

### D. Application of the Law to the Facts

■ Because the obligation to pay which arises by application of the unjust enrichment theory is not truly a contractual obligation as contemplated by the economic loss rule, the existence of such an obligation does not bar a tort claim: the obligation to pay necessarily exists independently of a contract.[3] Application of the economic loss rule arising from a purely equitable obligation to pay would not serve to maintain any distinc-

tion between tort and contract law, nor would it enforce any bargained-for expectation or risk allocation. *See BRW,* 99 P.3d at 72; *Town of Alma,* 10 P.3d at 1262.

Accordingly, we conclude that the district court erred in determining that the economic loss rule barred the Jorgensens' civil theft claim as a matter of law. The district court did not decide whether the Jorgensens had proved their civil theft claim. And defendants asserted other defenses to that claim, some or all of which are fact based. Therefore, we vacate the district court's judgment on this claim and remand the case to the district court for findings on this claim and defendants' defenses thereto based on the evidence presented at trial.

### III. Attorney Fees and Costs

The Jorgensens also contend the district court erred in denying their motion for attorney fees and costs because the evidence conclusively established the existence of a contract entitling them to such an award. We are not persuaded.

### A. Standard of Review

■ We review the district court's decision to award attorney fees and costs for an abuse of discretion, but we review the legal conclusions which provided the basis for that decision de novo. *School Dist. No. 12 v. Security Life of Denver Ins. Co.,* 185 P.3d 781, 787 (Colo.2008) (reviewing attorney fee award for an abuse of discretion); *Regency Realty Investors, LLC v. Cleary Fire Protection, Inc.,* — P.3d —, —, 2009 WL 2782228 (Colo. App. No. 08CA1650, Sept. 03, 2009) ("Because the trial court is in the best position to determine which party prevailed, its ruling is disturbed only for an abuse of discretion."); *US Fax Law Center, Inc. v. Henry Schein, Inc.,* 205 P.3d 512, 515 (Colo.App.2009) (reviewing de novo the legal rules applied by the district court as a basis for awarding attorney fees).

■ The determination whether a contract exists is one of fact. *Yaekle v.*

---

3. An example of an implied contractual duty which may bar a tort claim under the economic loss rule is the implied covenant of good faith

and fair dealing. *See Hamon Contractors,* 229 P.3d at 292.

*Andrews,* 195 P.3d 1101, 1111 (Colo.2008); *City of Boulder v. Farmer's Reservoir & Irrigation Co.,* 214 P.3d 563, 569 (Colo.App. 2009). We will not reverse a district court's finding of fact unless it is clearly erroneous and not supported by competent evidence in the record. *See Yaekle,* 195 P.3d at 1111 ("Appellate courts are bound by [such findings of fact] when ... there is competent evidence in the record to support the findings." (quoting *I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882, 887 (Colo. 1986))); *City of Boulder,* 214 P.3d at 569 (same); *Cendant Corp. & Subsidiaries v. Dep't of Revenue,* 226 P.3d 1102, 1105 (Colo. App. No. 08CA0103, Feb. 5, 2009) ("[A] trial court's finding of facts will not be disturbed unless clearly erroneous.").

### B. Analysis

■ The provision of the Manual on which the Jorgensens rely provides that a party substantially prevailing on a claim "to enforce this agreement" is entitled to its reasonable attorney fees and costs. The district court found, however, that there was no meeting of the minds, and hence no agreement, as to how to split commissions from sales involving the Jorgensens' family, friends, and preexisting customers. *See Agritrack, Inc. v. DeJohn Housemoving, Inc.,* 25 P.3d 1187, 1192 (Colo.2001) (a valid contract is created when there is a "meeting of the minds" between the parties as to all essential terms of the contract); *Brush Creek Airport, L.L.C. v. Avion Park, L.L.C.,* 57 P.3d 738, 745 (Colo.App.2002) (a contract exists only when there was mutual assent to all essential terms). That finding is supported by evidence in the record, and therefore we will not disturb it. It follows that the fee-shifting provision in the Manual does not apply by its express terms because the Jorgensens did not substantially prevail on their contract claim.

■ We reject the Jorgensens' suggestion that the district court should have found a contract by supplying the missing essential term—the commission split on the transactions in question.

■ When the parties to an alleged contract assign different meanings to an essential term, a contract may or may not exist, depending on the nature of the term. Unless there is only one reasonable meaning for the term, courts generally conclude there is no meeting of the minds and, thus, no contract. *Sunshine v. M.R. Mansfield Realty, Inc.,* 195 Colo. 95, 98, 575 P.2d 847, 849 (1978); *Brush Creek Airport,* 57 P.3d at 745. Similarly, if the parties omit entirely an essential term, resulting in an alleged contract that is so uncertain the court cannot determine whether or not it has been breached, there is no contract. *Stice v. Peterson,* 144 Colo. 219, 224, 355 P.2d 948, 952 (1960); *see DiFrancesco v. Particle Interconnect Corp.,* 39 P.3d 1243, 1248 (Colo.App.2001); Restatement (Second) of Contracts § 33 cmts. a, f. While the court may supply some missing essential terms, *see Winston Financial Group, Inc. v. Fults Management, Inc.,* 872 P.2d 1356, 1358 (Colo.App.1994) ("[A] contract will not fail for indefiniteness if missing terms can be supplied by law, presumption, or custom."), it may not create a contract where there is none, *Stice,* 144 Colo. at 224, 355 P.2d at 952; *DiFrancesco,* 39 P.3d at 1248 ("While parties may definitely agree on some issues, the absence of agreement on other material issues prevents the formation of a binding contract.").

The omitted commission splitting term was clearly an essential term of the contract. And it was not a term that could be supplied by law, presumption, or custom. Rather, the parties simply took different positions in the bargaining process and no agreement was reached as to either side's proposed term. Therefore, to supply the term as the Jorgensens suggest would create a contract where one did not exist.

### IV. Conclusion

The judgment on the Jorgensens' civil theft claim is vacated and the case is remanded to the district court for further findings on that claim. The district court's order denying the Jorgensens' motion for attorney fees and costs is affirmed.

Judge RUSSEL and Judge TERRY concur.