23CA1535 Ekberg v Ekberg 10-24-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1535
La Plata County District Court No. 14CV30213
Honorable Suzanne F. Carlson, Judge

Roddess Ekberg, Timothy Ekberg, Justin Fierstein, and Sarah Fierstein,

Plaintiffs-Appellees and Cross-Appellants,

v.

Jeffrey Speicher,

Defendant-Appellant and Cross-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE GROVE
Welling and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

Westerfield & Martin, LLC, Zachary S. Westerfield, Denver, Colorado, for
Plaintiff-Appellee and Cross-Appellant Roddess Ekberg

Landry Law, P.C., Scott P. Landry, Lone Tree, Colorado, for Plaintiff-Appellee
and Cross-Appellant Timothy Ekberg

Bell & Pollock, P.C., Bradley P. Pollock, Denver, Colorado, for Plaintiffs-
Appellees and Cross-Appellants Justin Fierstein, and Sarah Fierstein

Stimson LaBranche Hubbard, LLC, Marci G. LaBranche, Carey Bell, Denver,
Colorado, for Defendant-Appellant and Cross-Appellee

¶ 1    Defendant, Jeffrey Speicher, appeals a judgment finding him liable for civil theft and conspiracy to commit civil theft following a jury trial.  Plaintiffs, Roddess Ekberg, Timothy Ekberg, Justin Fierstein, and Sarah Fierstein (collectively, the Ekbergs), cross-appeal the district court's damages award.  We reverse.

## I.    Background

¶ 2    We draw the following factual background from the record, including the district court's orders and Speicher's previous appeal to this court.  *See Ekberg v. Speicher*, (Colo. App. No. 19CA2054, July 15, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 3    In December 2012, Rodney Ekberg died in an automobile crash.  He was survived by his four children: Paula, Thess, Roddess, and Timothy.[1]  Paula passed away in September 2013 and was survived by her two children: Sarah Fierstein and Justin Fierstein.

¶ 4    In 2013, Thess, assisted by Speicher, her husband, acting in her individual capacity and as the personal representative of

---

[1] Because many of the parties share the same surname, we refer to them by their first names throughout this opinion.  We mean no disrespect by doing so.

Rodney's estate, settled the wrongful death claims arising from the crash, collecting a total of $436,070 from two insurance carriers. Jesse Bopp, an attorney, provided Thess and Speicher with legal advice in connection with these efforts. They did not notify Thess's siblings about the wrongful death claims and never distributed any of the money to Rodney's other heirs.

¶ 5     In December 2014, Roddess filed suit against the at-fault driver in the collision that caused Rodney's death. After learning of the wrongful death settlement, Roddess substituted Thess as the defendant and amended the complaint to allege claims of breach of fiduciary duty, fraud and concealment, and conversion against Thess. Her brother, Timothy, and Paula's children, Sarah and Justin, ultimately joined the lawsuit as plaintiffs.

¶ 6     In February 2017, the Ekbergs added Speicher and Thess's attorney, Bopp, to the underlying wrongful death claim. They subsequently added numerous causes of action to their complaint, including a conversion claim against Speicher. Bopp later settled with the Ekbergs and the claims against him were dismissed.

¶ 7     The court held a jury trial on the Ekbergs' claims of civil theft, conspiracy to commit civil theft, deceit based on fraud, fraudulent

transfer, breach of fiduciary duty, and conversion. The jury found in favor of the Ekbergs and against Thess and Speicher on claims of deceit based on fraud, civil theft, and conspiracy to commit civil theft — and awarded punitive damages on those claims — but found that Speicher was not liable for conversion and fraudulent transfer. The district court entered judgment in favor of the Ekbergs in the amount of $1,175,136.12, plus interest, attorney fees, and costs.

¶ 8 Speicher appealed the judgment, but Thess did not. In 2021, a division of this court reversed the 2019 judgments for civil theft and conspiracy to commit civil theft due to the district court's erroneous refusal to instruct the jury on Speicher's statute of limitations defense. The division remanded the case for a new trial, with Speicher as the only remaining defendant, on those claims. *See id.*

¶ 9 At the conclusion of the second trial, the jury again returned verdicts in favor of the Ekbergs and against Speicher on the Ekbergs' claims of civil theft and conspiracy to commit civil theft. The district court entered judgment in favor of the Ekbergs in the amount of $2,537,018.59, plus interest, attorney fees, and costs.

3

¶ 10     This appeal and cross-appeal followed.  In his appeal, Speicher contends that the district court reversibly erred by (1) instructing the jury about the previous verdict against Thess and (2) erroneously admitting evidence that he asserts was irrelevant and unduly prejudicial.  In their cross-appeal, the Ekbergs contend that the district court erred by ruling that the damages the jury awarded against Speicher for conspiracy to commit civil theft were duplicative of the damages it awarded on the theft claim.

## II.     Jury Instructions

¶ 11     Speicher first contends that the district court erroneously instructed the jury that Thess had already been found liable for civil theft and conspiracy to commit civil theft in the same case as Speicher's.  Specifically, he argues that, because a conspiracy requires the participation of at least two people, the district court's instruction effectively told the jury that Thess and Speicher had already been found to have conspired *together* to steal the insurance proceeds.  By providing this instruction, he asserts, the district court relieved the Ekbergs of their burden to prove that Speicher engaged in conspiracy to commit civil theft.  We agree that the court reversibly erred and thus reverse the judgments for civil

4

theft and conspiracy to commit civil theft and remand for a new trial on those claims.

### A. Additional Facts

¶ 12 Throughout Speicher's second trial, the district court repeatedly told the jury that Thess had already been found liable for conspiring with Speicher to commit civil theft. This included the following:

- During jury selection, the district court informed prospective jurors that the Ekbergs previously sued Thess and that "the jury found that Thess Ekberg conspired with her husband, Defendant Speicher, to steal the wrongful death proceeds from the death of Rodney Ekberg which were owed to the plaintiffs, and thus was found liable for entering into a civil conspiracy to deprive the heirs of the wrongful death funds."

- The district court provided an instruction to the jury that repeated the information that it told prospective jurors at the outset of trial — that the previous jury "found that Thess Ekberg conspired with her husband, Defendant Jeff Speicher, to steal the wrongful death proceeds from

the death of Rodney Ekberg which were owed to the plaintiffs, and thus was found liable for entering into a civil conspiracy to deprive the heirs of the wrongful death funds."

- An additional jury instruction provided by the district court stated that if the jurors found in favor of the Ekbergs, they "must return an award which fully compensates them for all their injuries without regard to the fact that . . . Thess Ekberg was found liable for conspiracy and civil theft by a jury at the conclusion of the trial in April 2019."
- Another jury instruction said that, after the Ekbergs previously sued Thess, she was "found liable for civil theft, and conspiracy to commit civil theft."

¶ 13   In addition to the district court's jury instructions, jurors also heard about the previous verdict against Thess from the Ekbergs. During opening statements, their attorney said, "As you heard, there's already been a trial against [Speicher's] wife, Thess Ekberg. Thess Ekberg was found liable for civil theft and conspiracy to commit civil theft at that trial.  Her coconspirator?  Her husband,

Defendant Jeff Speicher."  And during closing arguments, counsel stated, "Now, we already know that [Speicher's] co-conspirator was found to be liable.  So the question here is did Jeff Speicher do it?  And Jeff Speicher ran that show."

### B.    Standard of Review and Preservation

¶ 14    We review a trial court's decision to give a jury instruction for an abuse of discretion.  *Nibert v. Geico Cas. Co.*, 2017 COA 23, ¶ 8.  A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law.  *Id.*  And we review jury instructions de novo to determine whether an instruction accurately informed the jury of the governing law.  *Id.*

¶ 15    Jury instructions may not be formulated in a manner that decides questions of fact.  *Cf. Mountain States Tel. & Tel. Co. v. Sanger*, 287 P. 866, 867 (Colo. 1930) (instruction that unqualifiedly relieved plaintiff of contributory negligence was reversible error where contributory negligence was an issue of fact for the jury).

¶ 16    The parties agree that this issue is preserved for appellate review.

## C. Analysis

¶ 17     A claim of civil conspiracy requires the plaintiff to establish five elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *Walker v. Van Laningham,* 148 P.3d 391, 396 (Colo. App. 2006).

¶ 18     Speicher's second trial involved only the Ekbergs' two remaining claims against him: civil theft and conspiracy to commit civil theft. As plaintiffs, the Ekbergs bore the burden of proving each claim's elements by a preponderance of the evidence. However, the district court's jury instructions relieved the Ekbergs of their burden to prove every element of their civil conspiracy claim against Speicher. In fact, the jury instructions relieved the Ekbergs of their burden to prove this claim altogether.

¶ 19     Both during jury selection and in its instructions to the jury following the close of evidence, the district court informed jurors of its findings as a matter of law. The court explained in both instances that a previous jury "found that Thess Ekberg conspired with her husband, Defendant Jeff Speicher, to steal the wrongful

8

death proceeds from the death of Rodney Ekberg which were owed to the plaintiffs, and thus was found liable for entering into a civil conspiracy to deprive the heirs of the wrongful death funds." And in two additional jury instructions, the court stated that a previous jury had found Thess liable for conspiring with Speicher to commit civil theft.

¶ 20    The problem with these instructions is that conspiracies are not unilateral. They require, among other things, the participation of "two or more persons" and a "meeting of the minds" between those persons about the object to be accomplished. *Id.* Because the Ekbergs' civil conspiracy claim was premised on a conspiracy between Speicher and Thess, an instruction that Thess conspired with Speicher compelled the conclusion that Speicher also conspired with Thess. Thus, by telling the jurors that Thess's participation in the conspiracy had already been proved, the court relieved the Ekbergs of their burden to prove that Speicher engaged in civil conspiracy — a question of fact for the jury.

¶ 21    The Ekbergs defend the instructions about Thess's verdict on two grounds. First, they argue that, because Thess did not appeal the verdict against her, it would have been "fundamentally unfair"

to require them to prove Thess's participation in the conspiracy in the second trial. But it is not unfair to hold a party to its burden of proof on all the elements of a claim. Indeed, the Ekbergs cite no authority, and we are aware of none, supporting their argument that it was proper for the district court to relieve them of this burden for the sake of fairness or judicial efficiency.

¶ 22    Nor are we persuaded that the district court did, or could have, sufficiently mitigated the prejudicial effect of instructing the jury about the previous verdict against Thess. True, the court stated twice in the jury instructions that, "[d]espite the verdicts against Thess Ekberg, Plaintiffs must prove Defendant Speicher's liability for civil theft and conspiracy to commit civil theft during this trial separately from that of Thess Ekberg." But in our view, that brief instruction was insufficient to overcome the effect of the pervasive references during trial to the previous jury's finding that Thess engaged in civil conspiracy. And perhaps more importantly, the instruction put the jurors into an impossible position, one in which they could find in Speicher's favor only if they also ignored the court's directives that Thess's liability as a conspirator — and thus, as a logical corollary, Speicher's — had already been proved.

*See McLaughlin v. BNSF Ry. Co.*, 2012 COA 92, ¶ 31 ("The court . . . generally errs by giving contradictory instructions.").

¶ 23    We cannot conclude that the error was harmless. According to the Ekbergs, we should do just that because Speicher, too, was found liable for civil conspiracy after the first trial. "As such," the Ekbergs assert, because no similar instruction was given at the first trial, "it is indisputable that this instruction had no bearing on Speicher's liability." Again, the Ekbergs point to no authority supporting this argument, and it should be self-evident that one jury's determination under the specific circumstances of the case before it has no bearing on what a different jury in a different case might theoretically have determined under different circumstances than those that occurred.

¶ 24    Accordingly, we must reverse the judgment against Speicher for civil theft and conspiracy to commit civil theft and remand the case for a new trial on these claims.

### III.   Remaining Issues

- Our reversal moots the Ekbergs' cross-appeal, which challenges the district court's conclusion that the awards for civil theft and civil conspiracy were duplicative.

- We decline to address Speicher's challenge to several of the district court's evidentiary rulings, which assert primarily that the district court abused its discretion by refusing to exclude certain evidence as irrelevant or unduly prejudicial. On remand, we cannot be certain that the Ekbergs will present the same evidence or seek its admission under the same theories that they have pursued previously. Nor can we be certain that Speicher will oppose the admission of this evidence for the same reasons that he previously articulated. Any opinion that we express on the admissibility of this evidence would therefore be advisory and improper.[2] *See Stor-N-Lock Partners #15, LLC v. City of Thornton*, 2018 COA 65, ¶ 38.

---

[2] We note that further litigation of these issues in the event of a retrial would not be barred by the mandate rule. *See Owners Ins. Co. v. Dakota Station II Condo. Ass'n*, 2021 COA 114, ¶ 24 ("Under the mandate rule, '[c]onclusions of an appellate court on issues presented to it as well as rulings logically necessary to sustain such conclusions become the law of the case,' which the trial court must follow on remand.") (citation omitted).

- Because we conclude that the court's instruction on the previous jury's findings was reversible error, we need not address Speicher's claim of cumulative error.

- Given our disposition of this appeal, we decline to grant the Ekbergs' request for appellate attorney fees.

## IV. Disposition

¶ 25 We reverse the judgment and remand the case for further proceedings consistent with this opinion.

JUDGE WELLING and JUDGE LUM concur.